10b    219
189   US¹195

## BURST *vs.* JACKSON.

A merchant, furnishing lumber, as such, to a contractor, for the erection of a building in the city of New-York, does not come within the provisions of the mechanics' lien law, so as to authorize him to recover the value of such lumber of the owner of the building, on serving upon the latter an attested copy of his account.

A lumber dealer, thus furnishing materials to a contractor, is not a person " doing or performing work *towards* the erection of the building," within the meaning of the act; notwithstanding that, in respect to a portion of the lumber furnished, he causes it to be dressed, at a saw mill, in a particular way, to meet the order of the contractor.

The only persons who have any right to deliver to the owner of a building an attested copy of their accounts against the contractor, and thus acquire a lien upon the sum due to the latter from the owner, are those mentioned in the statute. If the account rendered is not of such a character as to give the party a lien, even if it is correct, it is not necessary for the owner to deliver it to the contractor.

Nor will the neglect of the contractor to dispute an account which the creditor has no right to render, make such account conclusive evidence of the creditor's right to recover against the owner.

ERROR to the superior court of the city of New-York. The action was brought to recover the value of lumber furnished by the plaintiff for the building of the Bowery Theatre in the city of New-York, of which the defendant was the proprietor. The cause was referred to referees, who, upon the evidence before them, found the following facts, viz. : That John M. Trimble, in the year 1845, built for the defendant, under a parol contract with him, the Bowery Theatre, on the west side of the Bowery, in the city of New-York. That the work Trimble did under the contract, was worth $16,000, and was finished in August or September, 1844, and that on and after the 7th day of August, 1845, the defendant owed Trimble upon said contract, more than $2000. That on the 7th day of August, 1845, the plaintiff served on the defendant, personally, an original attested account, in writing, of lumber furnished to Trimble for such theatre, and

Burst *v.* Jackson.

that Trimble did not, at any time, give the defendant any notice that he intended to dispute the claim, and that there was due to Trimble, from the defendant, under said contract, at and after the service of said account, more than the amount of said account. That the articles mentioned in said attested account, were furnished by the plaintiff, to said Trimble, at the prices and times, in said account mentioned, at the said Bowery Theatre, and were, with the exeception of a few articles used, by him in the construction of said building, and he owed the plaintiff therefor, the amount of said account. That the plaintiff, during the time of furnishing said items, kept a lumber yard at Jersey City, but did no work upon the said Bowery Theatre. That part of the articles mentioned in the said attested account was ordinary dressed and worked lumber, such as is usually sold at lumber yards, and was delivered by the plaintiff from his lumber yard, to Trimble's order; that such part had been bought by the plaintiff, worked and dressed as he delivered it, and he performed no other work on such part, than selecting it out of the piles of lumber to order, and delivering it to Trimble's cartman. That the residue of the articles mentioned in said account, were selected by the plaintiff at Albany, and by the plaintiff's order dressed at a saw mill in Albany, in conformity with an estimate furnished to him by Trimble, showing the style of lumber wanted by him, for the Bowery Theatre, and such remaining part was by the plaintiff's orders, and by his agent, at his expense, transported to the city of New-York, and there delivered to Trimble. Upon this state of facts, two of the referees decided that the plaintiff was not a mechanic or workman having an account for work and materials, as intended by the act of April 13th, 1832, and was therefore not entitled to serve an attested account on the owner, for any part of his demand, and not entitled to recover any part of his demand in this action, and on that sole ground reported for the defendant. The third referee was of opinion that the plaintiff was entitled to recover the whole of his demand, and refused to sign the report.

Upon the report of the referees judgment was entered against the plaintiff for costs, and he brought a writ of error

Burst *v.* Jackson.

*H. S. Dodge,* for the plaintiff in error.

*J. R. Whiting,* for the defendant in error.

*By the Court,* EDWARDS J.   The statement of facts found by the referees, shows that the plaintiff kept a lumber-yard at Jersey City, and that he furnished Trimble, who was the contractor for building the Bowery Theatre, with a quantity of ordinary dressed and worked lumber, such as is usually sold at lumber-yards ; and that, at the time the plaintiff bought it, it was in the same condition as when he delivered it; and that he performed no other work upon it, than the selecting it out of the piles of lumber, to order.   As to the residue of the lumber, for which the plaintiff claims to recover, the referees found that it was selected by the plaintiff at Albany ; and that it was dressed there by his order, in conformity with a statement furnished by Trimble, showing the style of lumber which he wanted.

The first question to be considered is, whether the plaintiff comes within the provisions of the act of 1830, for the better security of mechanics, and others, erecting buildings in the city and county of New-York ; (*Laws of* 1830, *ch.* 330,) as amended by the act of 1832. (*Laws of* 1832, *ch.* 120.)

The act of 1830 applies to " every mechanic, workman, or other person, doing or performing any work towards the erection, construction, or finishing of any building in the city of New-York," &c. (*Laws of* 1830, *ch.* 330, § 1.) And the act of 1832 declares, that " all the provisions of the previous act shall apply to the materials furnished and used in the performance of any work by every mechanic and workman, towards the erection or finishing of any building in the city of New-York," &c. (*Laws of* 1832, *ch.* 120, § 1.)

The facts show that the plaintiff was in no manner employed in the construction of the building in question, either as a mechanic or workman.   He was a dealer in lumber, residing at Jersey City ; and, as the referees found, did no work upon the theatre.   But it is contended that he was a person " doing or performing work *towards* the erection of the building."   We do

Burst *v.* Jackson.

not think that such a conclusion is warranted by the facts. As to a portion of the lumber furnished by the plaintiff, it consisted of the ordinary stock which he had for sale in his lumber-yard. As to the residue, inasmuch as he had not the particular kind wanted, he was obliged to procure it; and in order to make it correspond with the statement furnished to him, it was dressed at a saw mill in Albany, by the plaintiff's orders. The substance of this is, merely, that as the plaintiff had not the particular kind of lumber wanted, he procured it; and, although it became necessary that it should be dressed in a particular way, still, when so dressed, it was an article of merchandise; and, as such, was sold to Trimble.

The next ground taken by the plaintiff is, that the contractor's neglect to dispute the plaintiff's claim, made the account rendered by him conclusive evidence of his right to recover in this suit. But, if the plaintiff's claim did not come within the provisions of the statutes referred to, we think that it was not necessary to dispute it. The only persons who have any right to deliver to the owner an attested copy of their accounts against the contractor, and thus acquire a lien upon the debt due to him, are those mentioned in the statute. If the account rendered to the owner is not of such a character as to give the party a lien, even if it is correct, it is not necessary for him to deliver it to the contractor; or for the contractor to regard it, if delivered to him. The contractor is only obliged to dispute the claim of his journeyman or other person, for work and labor performed, or materials furnished, within the meaning of the statute.

We think that the referees were correct in their ruling upon both the points submitted to them, and that the judgment of the court below should be affirmed.

Judgment accordingly.